UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARY E. SMITH,

    Plaintiff,                                  Case No. 3:18-cv-304

vs.

COMMISSIONER OF SOCIAL SECURITY,    District Judge Walter H. Rice
                                                       Magistrate Judge Michael J. Newman

    Defendant.

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 6),[2] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for DIB alleging a disability onset date of June 20, 2014. PageID 48. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, lumbar degenerative disc disease, coronary artery disease, depression, and anxiety. PageID 41.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Mark Hockensmith on July 31, 2017. PageID 72-112. The ALJ issued a written decision on January 31, 2018 finding Plaintiff not disabled. PageID 38-49. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 42-49.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 29-31. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 48-62), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 14), and Plaintiff's reply (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

(6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in (1) evaluating the opinions of her treating physicians; (2) evaluating the opinions of the state agency's physicians; and (3) relying on *res judicata* to deny her claim. Doc. 8 at PageID 1261. Agreeing with Plaintiff's first assignment of error, the undersigned would direct the ALJ to consider Plaintiff's remaining arguments on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be

obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The record, here, includes the opinion written by Plaintiff's psychiatrist, Danielle Gainer, M.D. Dr. Gainer explained that she began treating Plaintiff in June 2015. PageID 1137. She observed that Plaintiff's "[a]ffect is dysphoric [and her] hands/voice shake during appointments" and that she "[i]nitially presented with confusion and difficulty in comprehending/remembering information." PageID 1137. Based upon, *inter alia,* these signs and symptoms, Dr. Gainer opined that Plaintiff would have "marked" or "extreme"[5] limitations in: maintaining social functioning; deficiencies of concentration, persistence, or pace resulting in a failure to complete tasks in a timely manner; the ability to work in coordination with, or proximity to, others without being distracted by them; the ability to make work-related decisions; complete a workday and work week; and interact appropriately with the general public. PageID 1138. Ultimately, Dr. Gainer concluded that Plaintiff would be absent more than three times a month due to her impairments or treatment for the same. *Id.*

The ALJ declined to afford Dr. Gainer's treating opinion controlling weight but instead granted it "some weight." PageID 46-47. The ALJ discounted the treating opinion upon finding that:

> Dr. Gainer's findings were inconsistent with substantial evidence of record, including with the other physician opinion evidence… [including] objective mental status examinations that contradict her findings of marked limitations. Dr. Gainer only sees the claimant every few months…. [Plaintiff] grocery shops, goes to church, is about to begin Bible study, reads, exercises, and sees her family regularly. Other physician opinions are more consistent with the objective mental examinations….

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

*Id.* Multiple, reversible errors lie in the ALJ's analysis.

The ALJ first erred in finding Dr. Gainer's opinion inconsistent with the objective medical evidence[6] without considering evidence that is supportive of Dr. Gainer's opinion. Indeed, an "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position." *Hawthorne v. Comm'r of Soc. Sec.,* No. 3:13–cv–179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (*citing Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir.2000)). Conspicuously absent from the ALJ's opinion is any mention that Plaintiff was psychiatrically hospitalized three times in the first year after Plaintiff's alleged onset date.[7] *See* PageID 356; 592-93; 775. Moreover, the mental health records that were recounted by the ALJ are gravely mischaracterized. While the ALJ surmises that "at times" Plaintiff presented with a depressed mood, PageID 45, treatment notes document -- at a minimum -- a depressed mood every time Plaintiff was seen at a treatment session. *See* PageID 1170, 1174, 1178, 1182, 1186, 1190, 1200, 1203-04, 1208, 1212 (noting depressed, anxious mood; restricted affect; restless behavior; "appears visibly anxious today, rubbing her legs and rocking back and forth"; "hands are visibly shaking currently"; "she is wringing her hands and voice is shaky, appears anxious").

Similarly, in attempting to contrast Dr. Gainer's opinion with the other medical opinions of record, the ALJ ostensibly overlooks that the only other treating opinion of record lends support

---

[6] "[A] psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989).

[7] Plaintiff's previous application for Social Security Disability benefits was denied in an opinion issued by an ALJ on June 20, 2014. PageID 94-106. Plaintiff did not appeal that decision. The prior ALJ held that Plaintiff had not received "any formal mental health treatment." PageID 102. The undersigned notes that these hospitalization and mental health treatment records constitute "new and additional evidence," taking Plaintiff's case outside the purview of *res judicata -- i.e.,* the earlier ALJ opinion is not binding on this more recent claim. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018) ("Absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application"). The ALJ's determination to the contrary constitutes additional error. PageID 38 ("[T]he record contains no new and material evidence showing significant changes…").

7

to Dr. Gainer's opinion. PageID 47. Specifically, Plaintiff's primary care physician, Daniel Whitmer, M.D., opined that Plaintiff has "significant problems with anxiety and/or depression which would markedly limit her ability to withstand the stresses and pressure of ordinary work." PageID 1141. The ALJ's failure to consider this portion of Dr. Whitmer's treating opinion constitutes error in its own right, but also undermines his weighing of Dr. Gainer's opinion. *Meyer v. Comm'r of Soc. Sec.*, No. 3:13-CV-357, 2015 WL 4550435, at *5 (S.D. Ohio Mar. 12, 2015) (finding error where "the ALJ failed to specifically address [the physician's] opinion concerning the potentially disabling effect of Plaintiff's mental health limitations").

To the extent the ALJ discounted Dr. Gainer's opinion as inconsistent with Plaintiff's ability to visit family, attend church and bible study, and occasionally grocery shop, such an assessment is also erroneous. PageID 47. It is unclear to the Court how Plaintiff's limited daily activities are inconsistent with Dr. Gainer's opinion -- that Plaintiff's ability to perform work on a sustained basis is extremely or markedly limited. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (finding error where "the ALJ [did] not contend, and the record [did] not suggest, that [plaintiff] could do ... activities on a sustained basis, which is how the functional limitations of mental impairments are to be assessed"). In light of all the foregoing, the ALJ failed to give good reasons for discounting Dr. Gainer's opinion.

Finally, the undersigned notes that the heightened scrutiny the ALJ subjected Dr. Gainer's opinion to is more glaring in light of the perfunctory analysis given to the opinions of the State Agency's physicians. PageID 46-47. For example, the ALJ criticized Dr. Gainer's opinion because "she only sees [Plaintiff] every few months." PageID 46. Yet, the ALJ afforded the opinions of the state agency physicians "great weight" without reckoning that these physicians issued their opinions without examining Plaintiff once. *Id.; Marks v. Colvin*, 201 F. Supp. 3d 870, 884 (S.D. Ohio 2016) (*citing Gayheart,* 710 F.3d at 380) (holding that "the regulations do not

allow the application of greater scrutiny to a treating-source opinion as a means to justify giving such an opinion little weight[,]" and "[i]ndeed, they call for just the opposite")).

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

### V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case be **CLOSED**.

Date:  11/6/2019                              s/ Michael J. Newman
                                                                                 Michael J. Newman
                                                                                  United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).